IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA

CHARLES BOWER
COMPLAINANT AFFIANT
v.

D. PRICE, ET. AL
DEFENDANTS

FILED
HARRISBURG, PA

AUG 1 8 2017

CASE # 1:17-CV-1473

42 USC § 1483 PRISONERS COMPLAINT "PREA"
AND
PRELIMINARY INJUNCTION
JURY TRIAL

## PREA COMPLAINT

1) NOW COMES CHARLES BOWER, Complainant affiant PROSE In the above style case depoes and says that he is competent in stating the facts set forth herein.

## JURISDICTONAL ALLEGATIONS

2) PLAINTIFF, brings action under and persuant to 42 USC § 1483 to secure equitable relief for actions indicated by the defendant(s) under "STATE LAW" that violates rights, privileges, and Immunities guaranteed Plaintiff by the "UNITED STATES CONSTITUTION" and directly under and through ARTICLE 1, SECTION 10, CLAUSE 1, and the 14th amendment.

3) THIS COURT has original jurisdiction to entertain this cause of action pursuant to the provisions of 28 USC § 1343 and 28 USC § 1331.

## PARTIES

4) PLAINTIFF, CHARLES BOWER is in the care and custody of the BUREAU OF FEDERAL PRISONS at Schuylkill med in the State of Pennsylvania.

5) DEFENDANT, D. PRICE is the councelor for FCI Schuylkill med P.O BOX 759 MINERSVILLE PA 17954

6) DEFENDANT, MR. BALL is the Case manager for FCI Schuylkill med P.O BOX 759 MINERSVILLE PA 17954

7) DEFENDANT, MR MALAKOWSKI Is the SHU Lieutenant for FCI Schuylkill med P.O BOX 759 MINERSVILLE PA 17954

8) DEFENDANT, MRS MURRY is the psychologist for FCI Schuylkill med P.O BOX 759 MINERSVILLE PA 17954

9)

9) DEFENDANT _____ is the Operation Lieutenant of FCI Schulkill Me
P.O BOX 759 MINNERSVILLE PA 17954

## PLAINTIFF'S DECLARATION OF FACTS

10) ON 7-22-7 at 10:20 am, I was In fact in the "SHOWER". Durring this time Councelor D. Price come to the shower and said "WELL" TINY PACKAGE NICE ASS as I was putting on my boxers and pants. I said what you say. D. Price immediately said "OH NOTHING" then D. Price goes to the door and calls Mr. BALL the case manager to conduct the "UDC HEARING IN THE SHOWER". So councelor D. Price and Mr. Ball a case manager sanctioned the Plaintiff while in the Shower. I feel this kind of "SEXUAL HARASSMENT" should not happen by Councelor's staff, management, or officer's who swore to serve and protect by there very own "OATH'S". Who Protects my Constitutional Rights against a "FEDERAL EMPLOYEE" who violates them. The UD.C. HEARING CONCLUDED WITH MR. PRICE saying my "SON" works for "SIS".

11) ON 7-26-17 Filed "PREA" on D.O.J. computer stating the facts

12) ON 7-26-17, asked the SHU Lieutenant Malakowski if it was proper procedure to hould "UDC HEARINGS IN THE SHOWER" he said "YES" then I asked him if I could see psychology. HE got very "MAD" and told me to cuff-up. I complied and was houled out of my cell In my boxers and placed down stairs for "DISPLAY" for all.

13) ON 7-27-17 Filed what I was told by the Lieutenant's and psychologist. The "ULTIMATE ENDING" was. I was denied mental health. Which is guaranteed Medical and Mental health care while in the SHU (Per Policy Statement 541.32

14) ON 7-29-17, between 12 noon and 12:30 Counselor D. Price in my window with a "BIG SMILE" and "WINKED" at me and walked off singing looks like a "WOMEN" walks like a man. According to Policy Statement. They are suposed to seperate the victim from the abuser again 204 camera's as witnesses to continued harassment by D. PRICE as well as my cellie for a witness.

2

15) PLAINTIFF is now and since been victimized by Plaintiff's law-suits against "B.O.P. EMPLOYEE'S". He has been transfered and denied family ties. Now it has esculated to "SEXUAL HARASSMENT" during a DISCIPLINARY HEARING that took Place in the "SHOWER". The 5th and 14th amendments of the "UNITED STATES CONSTITUTION" guarantees me the right to be secure in one's own body. This is not "POSSIBLE" when councelors, staff, management, officers do not "UPHOLD their OATHS" they supposidly sware to serve and Protect.

16) PLAINTIFF was in "SHOCK" during his "UDC HEARING HELD IN THE SHOWER" and adversely affected the outcome. Was not afforded the Plaintiff full "DUE PROCESS RIGHTS" of the law including the right to postpone, the right to cross-examine witnesses to have staff representation and testify in my own behalf. The only evidence I had was a "BAR of SOAP" and a "BOTTLE OF SHAMPO" ALL I COULD SAY IS NO COMMENT.

17) Failure to Protect claim after D. Price's comments called Mr. Ball the case manager in they both agreed to continue the hearing in the "SHOWER" and were definatly acting "UNDER THE COLOR OF LAW" and is all I need to establish a failure to Protect Claim. (see MARK v. BOROUGH OF HATBORO, 51 F.3d 1137, 1141 (3rd cir. 1995); (see CHINCHELLO V. FENTON, 805 F.2d 126, 137 (3rd cir 1986); (see RODE v. DELLARCIPRETE, 845. F2d 1195, 1207 (3rd cir. 1988)

18) Supreme court Ruling the court must accept as true the "Hand-WRITTEN" allegations of the complaint to be construed in the light most favorable to the Plaintiff.

19) To Prevail on a constitutional claim of "SEXUAL HARASSMENT" the Plaintiff by the above facts and Declaration that his humiliation, embarassment, stress and continued harassment caused severe EMOTIONAL DURESS that increased his "PANIC ATTACKS" which he is currently on medication for. This "DOMINO EFFECT" has now effected my SLEEP and EATING HABITS" Their DELIBERATE INDIFFERENCE, NEGLIGENCE and MALPRACTICE has left him with no medical or mental Health. (SEE ALSO ESTELLE V. GAMBLE, 429 US 91, 97, SCT 285 50 LED. 2d 251 (1976)

@

20) 42 USC § 1997 (e). This Statute defines the term "SEXUAL ACT" however slight of genital or anal by hand or by finger or by any object or verbally abuse, humiliate, harass degrade the sexuality of another person (18 USC § 2246 (2)(c)).

21) "PREA" (42 U.S.C. § 15601 et seq) under this doesn't make his petition "MOOT" for being transfered. This is not a Constitutional Remedy for this type of "CRIME".

22) PREA, does not provide a private remedy or cause of action for failure to comply with regulations but does in fact Constitutes as DELIBERATE INDIFFERNCE which falls under the 8th amendmente.

23) SHU LEGAL LIBRARY, was constitutionally inadquate Inmate would have to give up his hour of rec to go to "LAW LIBRARY" Then once their. Their was "NO" up-to-date "BLACK'S LAW DICTIONARY", Typewritter is BROKEN, No typewr.tter Paper Not able to get print wheel and Ribon out of property and no way to buy on commisary while in the SHU. According to Policy Statement these ITEMS are to be replaced. Printer Jamed couldn't print for weeks now. Also was told that I couldn't keep or have my legal items and my reading glasses in my cell. According to Policy Statement I am aloud 5 legal books and 1 cubic foot of legal work. (See SUTTON V. RASEED, 323 F.3d 236 248 (3rd cir 2003)

24) Protective Custody § 115.43. I am supposed to have access to programs, privileges, education should not be interrupted if they are limited. the cheif of Correctional Services ensures that documentatlc exist reflecting the limitations, duration and rationale for limitations to be given to inmate. Also when Safe-gaurding Inmate the least restrictive methods for separation of the victim from the perpetrator Should be on form BP-A 1002. Plaintiff has not been shown or given this document.

25) § 115.61  Staff and Agency reporting Duties

A) the agency shall require all staff to report immediately to agency policy any Knowledge, Suspicion, or information of "SEXUAL ABUSE or SEXUAL HARASSMENT" that occured in the facility and any staff in neglect or violation of responsibilities that may have contributed to an incident or retaliation. Plaintiff did Immediately hand HANDWRITTEN "PREAS" to 3 Staff members and 2 by mail

1) did personally hand 1 to an Lt cameras on 204 will prove
2) did personally hand 1 to unit manager
3) did personally hand 1 to pharmasist
4) Sent one to psychology no response to a cry for help
5) Sent one to Staff # 1 in SHU
   And to this day they have not even come close to following Policy

## STANDARDS OF EMPLOYEE CONDUCT

1) ALL Staff must report concerns of possible incidents of "SEXUAL ABUSE or SEXUAL HARASSMENT".

2) Staff provide written follow-ups memorandums to Operations lieutenant. to document such a report in accordance with "ARTICLE (6) of the "MASTER AGREEMENT"

3) Allegations of "STAFF-ON-INMATE" must be entered in "TRUINTEL" via Report incident form (BP-A0583) and this sent to National "PREA" Cordinator.

4) Staff are to intervene as appropriate.

5) To be aware of Changes in inmate behavior (eating, Sleeping, hygiene habit

26) This is because "PROTOCOL" was never followed I have yet to see any one except for the perpatrator. D. Price. See first response duties

5

27) § 115.64 Staff first Responders duties

A) To Separate victim from abuser

B) and if determined to be an emergency and expidited "BP-9 Shall be provided if it threatens inmates immediate health or welfare (See 28 CFR § 542.18)

28) § 115.66 Preservation of ability to Protect inmate from contact with "ABUSER"

A) The Collective bargaining process in the Bureau will be completed pursuant to title 5 of the "UNITED STATES CODE" and all other applicable laws, rules, and regulations

B) This in fact would allow D. Price to appear in my window the very next weekend. This is in violation of the 5th and 14th amendments to feel secure in one's own body.

29) § 115.67 AGENCY Protection against retaliation

A) The agency shall establish a policy to protect inmates from being SEXUALLY ABUSED OR SEXUALLY HARASSED.

B) This Policy would allow the abuser to abuse the very next weekend.

C) The agency shall employ "MULTIPLE" protection measures such as housing transfers, transfer of inmate and removal of staff.

D) This policy would allow the abuser to visit the SHU on a week basis again his 5th and 14th amendments are violated and "NO" emotional support by mental Health violates the 8th amendment DELIBERATE INDIFFENCE, NEGLECT, and MALPRACTICE by a psychologist and "MRS. MURRY's UNETHICAL RATIONALE."

30) 3115.65 Coordinated Response.

A) The facility shall develop a written institutional Plan to cordinate action taken.

1) Staff first responders

2) medical and Mental health practioners

3) Investigators and facility, leadership.

B) The Operations lieutenant immediately safegaurds the Inmate (see Sections 115.43, 115.62)

C) NOT once did Operations lieutenant follow his own policy statement leaving the Plaintiff with no means of getting help.

D) Investigators in this case happen to be the "SON" of the abuse councelor D. Price by his own words Price said his son is "SIS" I have my cellie as a witness.

## FIRST CLAIM
(Temporary Restraining ORder)

31) On applying for and recieving a license to practice the Profession as a psychologist from the State of Pennsylavania the Plaintiff acquire a "PROPERTY INTEREST" in the psychologist FEDERAL/STATE license for "UNETHICAL PRACTICE" protected by the United States Constitution

32) Having acquired a "PROPERTY INTEREST" in the psychologist license the Plaintiff would ask that the Courts suspend Mrs. Morry's license till the outcome of this jury trial

33) Plaintiff was notified that these basic procedural rights would not be available to the Plaintiff.

7

A) The right to view any and all of the documentary evidence including "FIOA EXEMPT"

B) The right to full review and full comments of SIS reports in connection of "PREA"

C) The right to cross-examine the indivuduals who prepared the documentation evidence of the "SIS INVESTIGATION"

34) Unless a TEMPORARY ORDER is issued restraining the defendant(s) from retaliation the plaintiff will be denied a constitutional right to DUE PROCESS of the law in violation of 42 USC. § 1983. These unlawful deprivations be stayed until this Court can determine the true constitutionality of this complaint.

35) "THEREFORE" the plaintiff petitions this court for the only viable and available remedy Injunctive Relief.

## SECOND CLAIM
## (Prediminary Injunction)

36) As the plaintiff alleges the defendant's have deprived the plaintiff of his constitutional rights to be secure in one's own body and will be deprived of procedural rights that were available before the "UDC. HEARING IN THE SHOWER"

37) IN LIGHT of these deprivations the Plaintiff will suffer immediat injury to the plaintiff personal life gauranteed by the Constitution o the UNITED STATES.

38) IN LIGHT of the UDC HEARING in the "SHOWER" The Plaintiff suffered irreparable mental duress resulting from "SEXUAL HARRASSMENT" and "DELIBERATE INDIFFERENCE" an 8th amendment violation.

39) IN LIGHT of the "PREA" if its enjoined on restrained the defendant's will suffer "NO PRESUDICE" as a result of restraint or injunction.

40) IN LIGHT the preceeding of the hearing in the SHOWER by the defendant's the Plaintiff will be substantially Prejudiced.

41) IN LIGHT of these deprivations that "PER-SE" violate "DUE PROCESS" of the CONSTITUTION OF THE UNITED STATES

42) IN LIGHT of the above facts only "PRELIMINARY INJUNCTION" will effect the restraint of the defendants in satisfaction of the due process requirement.

"THIRD CLAIM"
(Permenant Injunction)

43) The Plaintiff was in "SHOCK" by his hearing in the "SHOWER" "SAID NO COMMENT" and was unconstitutionally sentenced on 7/22-17

44) In this time since the "SEXUAL HARASSMENT" has continued by D. Price the Councelor with him stopping at my window with a "BIG SMILE" and a "WINK" singing looks like a women walks like a MAN this is by no means (PROFESSIONAL)

45) The defendant's in Commencing the "UDC HEARING" in the "SHOWER" in that they were without "RATIONAL BASIS" was an act of "PREJUDICE" commited on the Plaintiff and amounts to "PRIMA FACIE" evidence of prejudice in fact that it took place in the "SHOWER."

46) IN LIGHT of the arbitrary, capricious, and unfettered discretion of the Defendants without regards to Plaintiffs "DUE PROCESS RIGHTS" and in violation of them is the direct results of an arbitrary descion by by the defendant after "SEXUALLY HARASSING HIM" to hold U.D.C. HEARING in the "SHOWER" and an abuse of discretion amounting to a deprivation of "DUE PROCESS RIGHTS"

47) The Plaintiff was wrongfull to believe in "2017" that dispite the Conviction, that Plaintiff would not be denied the opportunity and procedural rights gauranteed to plaintiff at that time Including:

A) To have staff representation

B) To be afforded the DUE PROCESS evidence found by SIS and cross-examine it.

C) To be free from the unfettered discrimination and discretion of the defendants; and

D) In particular to be allowed to produce evidence and witnesses on the Plaintiff's behalf.

48) The plaintiff prays in light of the "PREA" and Constitutional claims of this complaint that Permanent Injunction injoining be "ORDERED" by this "HONORABLE COURT" enjoining the defendant's and their agents, employee's from convicting the plaintiff in "2017" in that plaintiff's constitutional rights to due process under the 14th amendment were violated.

## PRAYER

The plaintiff petitions this court to grant the FOLLOWING RELIEF:

A) ISSUE it "EX PARTE" Temporary Restraining Order enjoining and restraining defendant's, there agents, servants, and employee's and all pers and agencies acting in concert or participating with them from proceeding with the conviction Related to the UNCONSTITUTIONAL DISCIPLINARY HEARING that took Place in the "SHOWER" action against the plaintiff pending a full hearing on plaintiff's application for PRELIMINARY INJUNCTION "PENDEATE LITE" as "PRAYED" for.

B) ISSUE it's "ORDER" to show cause and direct named defendant's to appear before this court at time and date to show cause if any there maybe why a "PRELIMINARY INJUNCTION" "PENDEATE LITE" ought not issue enjoining and restraining defendants, thier agents, servants, and employees and all persons and agents acting in concert or particip with them during the pendency of this action from the Conviction from the Proceedings of UNCONSTITUTIONAL DISCIPLINARY HEARING

action that took place in the "SHOWER" against the Plaintiff Predicated on Plaintiff in "2012" pending trial of the constitutional claims raised herein.

C) Following a full hearing on the constitutional claims raised herein issue it's "PERMENANT INJUNCTION" Permenantly restraining and enjoin defendants from proceeding with the Conviction.

D) Plaintiff also seeks $100,000.00 dollars from each named defendant for mental Duress humiliation, Sexual Harassment and degrade the Sexuality of another person by Councelor D. Price.

E) GRANT all other relief that is Just, Fair, and equitable to maintian the plaintiff's constitutional Rights as provided for in 42 CCX § 1988

I HAVE HANDWRITTEN foregoing motion to be true correct, and complete to the best of ones Knowledge under the penalty of perjury.

UCC 1-207 without Prejudice
Charles Brown

## CERTIFICATE OF SERVICE

I Charles Bower have attached Proof of service to this complaint. The accompanying memorandum of points, The Declaration of Plaintiff and whatever evidence and arguments Presented

THIS CERTIFICATE WAS COMPLETED BY PLAINTIFF ON 8/14/17

Charles Bower

Charles Boüer 7069586 Y

Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA

RECEIVED
HARRISBURG, PA

JUL 1 8 2017

TO CLERK OF COURTS
22 X WALNUT STREET
P.O. BOX 983
HARRISBURG PA 17108

THIS IS X-RAY

Legal
mail

Legal
mail

171083C983 BO11