IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES BOWER,                  :
    Plaintiff               :
                            :    No. 1:17-cv-01473
    v.                      :
                            :    (Judge Kane)
D. PRICE, et al.,               :
    Defendants              :

## MEMORANDUM

Before the Court is pro se Plaintiff's complaint (Doc. No. 1), and motion to proceed in forma pauperis (Doc. No. 7). For the reasons provided herein, the Court will grant Plaintiff's motion to proceed in forma pauperis and will dismiss the complaint with leave to amend pursuant to its screening obligations under 28 U.S.C. § 1915A and § 1915(e)(2).

## I.     BACKGROUND

On August 18, 2017, Plaintiff, an inmate presently confined at the Federal Correctional Institution in Fairton, New Jersey, filed a pro se civil action pursuant to 42 U.S.C. § 1983,[1] naming as Defendants the following individuals affiliated with FCI Schuylkill: D. Price, a counselor; Mr. Ball, a case manager; Lieutenant Malakowski; Mrs. Murry, a psychologist; and an unidentified defendant who serves as the operations lieutenant of the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"). (Doc. No. 1.)

---

[1] The Court notes that Plaintiff is a federal prisoner seeking redress against federal officials, not state officials. 42 U.S.C. § 1983 provides a federal cause of action when a plaintiff alleges a constitutional violation by state officials. However, the proper jurisdictional basis is 28 U.S.C. § 1331 through Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), when a plaintiff alleges a constitutional violation by a federal official. While a Bivens action is analogous to an action under 42 U.S.C. § 1983, the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials, the Court will liberally construe this action as arising under Bivens. See Evans v. Ball, 168 F.3d 856, 863 n.10 (5th Cir. 1999); Phelps v. Joslin, Civ. No. 3:06-0245, 2007 WL 268775, at *2 (N.D. Tex. Jan. 29, 2007).

1

Plaintiff's complaint sets forth sporadic arguments and complaints, one of which attempts to set forth a "PREA Complaint,"[2] against the above-named Defendants in relation to when Plaintiff was housed at FCI-Schuylkill. (Doc. No. 1 at 1.) Plaintiff alleges that on July 22, 2017, while he was putting on his boxers and pants after taking a shower, Price said to Plaintiff "Well tiny package[,] nice ass." (Id. ¶ 10.) Plaintiff alleges that Ball then entered the shower area, where he and Price proceeded to conduct a Unit Disciplinary Committee ("UDC"), hearing. (Id.) Plaintiff further alleges that he felt that this encounter constituted sexual harassment, and on July 24, 2017, he filed a "PREA" on the Department of Justice computer. (Id. ¶¶ 10, 11.)

On July 26, 2017, Plaintiff allegedly asked Malakowski if it was proper procedure to hold a UDC hearing in the shower, to which Malakowski allegedly replied, "yes." (Id. ¶ 12.) Plaintiff claims that when he asked Malakowski if he could be seen by psychology, Malakowski became angry and told Plaintiff "to cuff up," proceeding to take Plaintiff out of his cell while Plaintiff was in his boxers. (Id.) Further, Plaintiff maintains that the following day, on July 27, 2017, he was denied mental healthcare (Id. ¶ 13), and that on July 29, 2017, Price appeared in his window with a "big smile" and "winked" at him (Id).

Plaintiff appears to seek a temporary restraining order and requests that this Court suspend Murry's license to practice psychology. (Id. ¶¶ 31-35.) In addition, he seeks a preliminary and permanent injunction as a result of the alleged sexual harassment that occurred during the UDC hearing in the shower. (Id. ¶¶ 36-48.) Plaintiff has also filed a "memorandum in support of complaint," in which he asserts that the Bureau of Prisons has failed to protect him from sexual remarks made by Price. (Doc. No. 1-2 at 2.)

## II. STANDARD OF REVIEW

---

[2] The Prison Rape Elimination Act of 2003 ("PREA"), is a federal law dealing with the sexual assault of prisoners. See 34 U.S.C. §§ 30301-30309 (2012).

Under 28 U.S.C. § 1915A, prior to service of process, courts must screen civil complaints in which prisoners seek redress from governmental entities, officers, or employees. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

The court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."). In performing this mandatory screening function, a district court applies the standard governing motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471. When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To avoid dismissal, all civil complaints must put forth "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the

elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, a court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

#### A. Legal Standard Applicable to Bivens Actions

"A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). In Naranjo v. Martinez, the court stated:

> Bivens creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general

federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a Bivens claim. To state a claim under Bivens, the plaintiff must show that the defendant, acting under color of [f]ederal law, deprived him of a right secured by the Constitution or laws of the United States.

Naranjo v. Martinez, No. 4:CV-08-1755, 2009 WL 4268598, at *6 (M.D. Pa. Nov. 24, 2009) (first alteration in original) (citations omitted).

### B. PREA Claim

Plaintiff's PREA claim is subject to dismissal, as PREA does not provide a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-85 (2002); Bowens v. Emps. of the Dep't of Corr., Civ. No. 14-2689, 2015 WL 803101, at *1 n.1 (E.D. Pa. Feb. 26, 2015); Washington v. Folino, Civ. No. 11-1046, 2013 WL 998013, at *4 (W.D. Pa. Feb. 29, 2013) (holding that violations of the Prison Rape Elimination Act do not create a private cause of action); see also Henry v. CO#2 Gilara, Civ. No. 16-167, 2017 WL 3424863, at *3 (W.D. Pa. Aug. 9, 2017); Njos v. United States, Civ. No. 14-1960, 2016 WL 1720816 (M.D. Pa. Apr. 29, 2016). Accordingly, Plaintiff's PREA claim against Defendants fails as a matter of law and will be dismissed with prejudice.

### C. Sexual Insults

Plaintiff is unable to state an Eighth Amendment claim against Price based on Price's alleged sexual insults/remarks. While it is true that sexual harassment may, in some circumstances, violate a prisoner's right to be free from cruel and unusual punishment, Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997), such circumstances are not present in the instant action. For a prisoner to prevail on a sexual harassment claim under the Eighth Amendment, he must show that the punishment was "objectively, sufficiently serious," and that the officer

5

involved had a "sufficiently culpable state of mind." See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).

However, certain verbal harassment alone does not give rise to a constitutional violation. See e.g., Jackson v. Madery, 158 F. App'x 656, 661-62 (6th Cir. 2005) (finding that isolated instances of verbal harassment do not rise to the level of a constitutional violation); Henry, 2017 WL 3424863, at *4; Harris v. Zappan, No. 97-4957, 1999 WL 391490, at *1, 3 (E.D. Pa. May 29, 1999) (stating that sexually explicit comments, fondling, and rubbing prisoner's thigh and breasts did not rise to the level of an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993); see also Sharpe v. Costello, Civ. No. 06-1493, 2007 WL 1098964, at *4 (M.D. Pa. Apr. 11, 2007) (collecting applicable case law). Plaintiff's allegations that Price used the phrase "tiny package" with respect to him, told him he had a "nice ass," and winked and smiled at him are not sufficiently severe to amount to an Eighth Amendment violation. Accordingly, this claim is dismissed for failure to state a claim on which relief may be granted.

Additionally, to the extent Plaintiff is alleging an Eighth Amendment failure to protect claim, Plaintiff has failed to state such a claim sufficiently. A prison official who witnesses a prisoner being physically assaulted by another corrections officer, but fails to take any steps to protect the prisoner, violates the Eighth Amendment. See Smith v. Mensinger, 293 F.3d 641, 650-52 (3d Cir. 2002); Estate of Davis v. Delo, 115 F.3d 1388, 1395-96 (8th Cir.1997); Gaudreault v. Salem, 923 F.2d 203, 207 n.3 (1st Cir.1990) (stating "[a]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable"), cert. denied, 500 U.S. 956 (1991); O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988) ("A law enforcement officer has an affirmative duty

to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers."); Laury v. Greenfield, 87 F. Supp. 2d 1210, 1216 (D. Kan. 2000); Ruble v. King, 911 F. Supp. 1544, 1555-56 (N.D. Ga. 1995). Here, Plaintiff advances no assertions of any physical assault. Rather, his averments are that Price referred to him with the phrase "tiny package," told him he had a "nice ass," and winked and smiled at him. (Doc. No. 1 at 2.) Such allegations are not sufficiently severe to amount to an Eighth Amendment violation. As a result, this claim will be dismissed for failure to state a claim on which relief may be granted.

### D. Preliminary Injunction Claims

It is evident from the face of the complaint that Plaintiff is no longer housed at FCI-Schuylkill, the institution involved in Plaintiff's allegations. (Doc. No. 1.) In light of Plaintiff's transfer to FCI Fairton, New Jersey, Plaintiff's request for injunctive relief has become moot. The mootness doctrine recognizes that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar v. Watson, 4 F.3d 195, 2016 (3d Cir. 1993); see also Griffin v. Beard, Civ. No. 09-4404, 2010 WL 4642961 (3d Cir. 2010) (concluding that transfer from SCI Huntingdon rendered inmate's request for injunctive relief moot). Accordingly, the Court will also dismiss Plaintiff's claim for injunctive relief as moot.

### E. Due Process

Plaintiff also alleges that his due process rights were violated when Price and Ball conducted his UDC proceeding in the shower. Specifically, he appears to allege that he was afforded neither staff representation nor the opportunity to cross examine certain evidence or witnesses. (Doc. No. 1 at 10.) Liberty interests protected under the Fifth Amendment "can arise either from the Due Process clause itself or from state law." Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002). In addition, it is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, a plaintiff's due process rights are triggered only if he has been deprived of a protected liberty or property interest. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).

Plaintiff has neither identified nor described what, if any, protected liberty or property interest was violated as a result of the alleged UDC hearing, as Plaintiff does not allege any facts from which this Court can infer the existence of a protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that a deprivation due to a prison condition does not reach protected interest status unless it imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Moreover, the Court is unable to discern from the scant allegations in the complaint what harm Plaintiff has suffered or what form of prejudice resulted. See Von Kahl v. Brennan, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994) (providing that complainant must show some type of prejudice resulting from alleged due process violation in disciplinary proceeding).

In addition to identifying the aforementioned deficiencies in Plaintiff's complaint, the Court notes that the proper mechanism for Plaintiff to challenge his disciplinary proceedings that

8

resulted in the loss of good-time credits is a habeas corpus petition pursuant to 28 U.S.C. § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973) (stating that a § 1983 action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody" and that "when a state prisoner is challenging the very fact or duration of his physical imprisonment . . . his sole federal remedy is a writ of habeas corpus"); see also United States v. Eakman, 378 F.3d 294 (3d Cir. 2004). Moreover, to the extent Plaintiff seeks the expungement of some disciplinary conviction and sentence, this claim is barred by the favorable-termination rule. See Heck v. Humphrey, 512 U.S. 477, 486 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); see also Robinson v. Jones, 142 F.3d 905, 906-07 (6th Cir. 1998) (stating that Heck applies not only to § 1983 actions, but also to Bivens actions).

The Court is cognizant of certain circumstances in which a prisoner may bring a Bivens claim for monetary damages based on the denial of due process during a prison disciplinary hearing. See Wolff, 418 U.S. at 554. However, such due process claims cannot be brought in a Bivens action when the claims "necessarily imply the invalidity of the punishment imposed," unless the plaintiff shows that the sanctions have been overturned. Edwards v. Balisok, 520 U.S. 641, 648 (1997). In this case, Plaintiff makes no assertions that he has either been sanctioned or that his sanctions have been overturned. Accordingly, because the Court concludes that Plaintiff

has failed to meet the pleading requirements under Federal Rule of Civil Procedure 8, Plaintiff's due process claim will be dismissed.

### F. Failure to Train or Supervise

To the extent that Plaintiff's filings attempt to set forth a failure to train or supervise claim, this claim will be dismissed for failure to state a claim upon which relief may be granted. Absent direct involvement, a supervisor may be liable for failure to train or supervise if the supervisor has shown deliberate indifference to the plight of the person involved. Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999); Pair v. Danberg, Civ. No. 08-458, 2008 WL 4570537, at *2 (D. Del. Oct. 14, 2008) (quoting Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)) ("In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the 'moving force [behind] the constitutional violation' or exhibit 'deliberate indifference to the plight of the person involved.'" (alteration in original)). A claim for supervisory liability or liability based upon a failure to train involves four elements: (1) that an existing policy created an unreasonable risk of constitutional injury; (2) that the supervisor was aware of the potential for the unreasonable risk; (3) that the supervisor was indifferent to the risk; and (4) that the injury resulted from the policy or practice. Sample, 885 F.2d at 1118; see also Heggenmiller v. Edna Mahan Corr. Inst., 128 F. App'x 240 (3d Cir. 2005).

In the instant action, Plaintiff's allegations appear to include general statements that there was a lack of training by management. (Doc. No. 1 at 2-3.) These allegations are not directed toward any particular Defendant. (Id.) Consequently, Plaintiff has failed to meet the satisfy the applicable pleading requirements, as the complaint's allegations are entirely conclusory and fail to identify any individual Defendant. Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.

### G. Leave to Amend

Because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before a merely deficient claim is dismissed. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted) (citing Conley v. Gibson, 355 U.S. 41, 48 (1957)). A court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." Id. Further, a court must also determine whether "an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief may be granted.'" In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

In light of the standard describe above, the Court concludes that Plaintiff should be permitted leave to amend his complaint. However, Plaintiff will not be granted leave to amend his PREA claim or preliminary injunction claims for the reasons set forth above. Should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint, exhibits, memorandum in support of his complaint, or any other documents already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which

defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 7), will be granted. Plaintiff's PREA claim and preliminary injunction claims will be dismissed with prejudice. The remainder of Plaintiff's complaint (Doc. No. 1), will be dismissed without prejudice. Plaintiff will be granted thirty (30) days leave to file an amended complaint as set forth above. An appropriate Order follows.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania
